IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDOLPH RICCA, | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MEDIA, PENNSYLVANIA, | : | |
| *et al.*, | : | |
| *Defendants* | : | NO. 23-598 |

## MEMORANDUM

PRATTER, J.                                                                  DECEMBER 28th, 2023

Rudolph Ricca argues that the Borough of Media has violated the Takings Clause by granting his neighbors a permit to build a shed. However, no federal question regarding the Takings Clause exists in this case. Thus, the Court finds that it lacks subject matter jurisdiction over this trespass dispute and remands to the Court of Common Pleas of Delaware County.

### BACKGROUND

Mr. Ricca owns an office building in Media, Pennsylvania. Paul and Pamela Hayes[1] own an adjacent property. Mr. Ricca claims to have a three-foot-wide "alleyway easement" over the Hayes' property. Around 2019, Mr. and Mrs. Hayes began placing furniture in and around this claimed easement despite Mr. Ricca's protestations. In 2021, Mr. and Mrs. Hayes applied to the Borough of Media for permission to build a shed in their yard within about two feet of their property line with Mr. Ricca. The Borough's Code Enforcement Officer, "Mr. Jeffrey," granted the permit. Mr. Ricca showed Mr. Jeffrey his deed to demonstrate the existence of his easement. Mr. Jeffrey told Mr. Ricca that "he would have to pursue his claim in court."

---

[1] Mr. Ricca named Paul Hayes and Pamela Montanye as defendants in this action, but Paul Hayes and Pamela Hayes have since been married and share the same last name.

1

Mr. Ricca obliged by filing a lawsuit against the Borough, Mr. Hayes, and Mrs. Hayes in the Court of Common Pleas of Delaware County in January 2023. He brought a Fifth Amendment Takings Clause claim against the Borough and trespass claims against all three defendants. The Borough removed the case by invoking the Court's federal question jurisdiction regarding Mr. Ricca's Takings Clause Claim. Mr. and Mrs. Hayes answered and brought a trespass counterclaim against Mr. Ricca. Mr. Ricca filed a motion to dismiss the Hayes' counterclaim, and the Borough filed a motion for judgment on the pleadings. Because there is no federal question in this trespass dispute, the Court lacks subject matter jurisdiction and remands to the Court of Common Pleas of Delaware County.

## LEGAL STANDARD

Federal courts "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and may sua sponte raise subject matter jurisdiction concerns. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). When a federal court determines whether it has subject matter jurisdiction, it "may inquire into the jurisdictional facts without viewing the evidence in a light favorable to either party." *Id.* at 77. If the Court determines that "the underlying federal subject matter jurisdiction upon which to remove a case from state court does not exist, the entire case must be remanded." *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 250 (3d Cir. 2000); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In a removal case, the removing defendant is burdened to demonstrate federal jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188,

193 (3d Cir. 2007)). The federal question must be "substantial" to confer jurisdiction under § 1331. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).

The Fifth Amendment Takings Clause reads: ". . . nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Takings Clause imposes a categorical obligation upon the government to compensate owners for property that it has physically acquired for a public use. *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (citing *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 321 (2002)). Consistent with the plain text of the Fifth Amendment, the Takings Clause only applies when property is taken for a public use. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 478–79 (2005) (describing evolution of "public use requirement" of Takings Clause).

There are two different types of takings. The first, "clearest sort of taking," occurs when the government physically appropriates land for a public use. *Cedar Point*, 141 S. Ct. at 2071 (quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001)). The second type of taking, which is often called a "regulatory taking," occurs when the government "imposes regulations that restrict an owner's ability to use his own property." *Id.* at 2071–72. To determine whether a regulatory taking has occurred, the Court considers three factors: (1) the character of the government action; (2) the economic impact of the regulation on the value of the property; and (3) interference with "distinct investment-backed expectations." *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124 (1978); *Nekrilov v. City of Jersey City*, 45 F.4th 662, 672 (3d Cir. 2022) (quoting *Murr v. Wisconsin*, 582 U.S. 383, 393 (2017)).

## Discussion

The history of this case is a bit of a headscratcher. The Borough removed this case and invoked the Court's federal question jurisdiction over Mr. Ricca's Takings Clause claim, so the Borough is burdened to demonstrate federal jurisdiction. *See Kaufman*, 561 F.3d at 151 (citing

3

*Frederico*, 507 F.3d at 193). Four months after filing an answer, the Borough abdicated this burden by arguing in a "Motion for Judgment on the Pleadings" that Mr. Ricca's complaint did not state a Takings Clause claim—the only available basis for federal question jurisdiction. At oral argument on that motion, Mr. Ricca, who filed this lawsuit in state court, argued that there was federal question jurisdiction, but he also conceded that the Borough did not take Mr. Ricca's property for any public use. Finally, seven weeks after oral argument, the parties stipulated to the dismissal of Mr. Ricca's Takings Clause claim and jointly requested a remand to the Court of Common Pleas. Thus, the Court and the parties appear to agree that this is a trespass action that belongs in state court.

There is no federal question here. Mr. Ricca has not alleged a Takings Clause violation for at least three reasons. First and foremost: the Borough has not put Mr. Ricca's claimed easement to any conceivable public use. The Hayes' shed is not "rationally related to a conceivable public purpose," so the public use requirement of the Takings Clause is not satisfied. *See RLR Investments, LLC v. Town of Kearny*, 386 Fed.Appx. 84, 86 (3d Cir. 2010) (quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 241 (1984)). Absent a public use, there is no taking and no federal question to resolve.

Second: this is clearly not a taking "of the clearest sort" because the government has not physically appropriated land that belongs to Mr. Ricca. Mr. Ricca claims he has an easement, which is not an ownership interest in land but an "interest in the land owned by another person[.]" *Kent's Run Partnership, Ltd. v. Glosser*, 323 B.R. 408, 422 (W.D. Pa. 2005) (quoting Black's Law Dictionary 527 (7th ed. 1999)). Mr. Ricca argues that the Hayes' placement of an object within the area of his easement violates the Borough's municipal code—a proposition about which the Court offers no opinion. But interference with an easement by the owners of private property—

4

even interference constituting a municipal code violation—simply does not constitute physical appropriation of the land by the government. *Cf. Academy Hill, Inc. v. City of Lambertville*, No. 20-1618, 2022 WL 1089187, at *2 (3d Cir. Apr. 12, 2022) (quoting *Cedar Point*, 141 S. Ct. at 2071) (internal quotation marks omitted) ("The Plaintiffs do not allege that the City has condemned the property, which would constitute the clearest sort of taking"). Thus, the Borough has not physically appropriated Mr. Ricca's land.

Third: the inapplicability of the *Penn Central* Factors underscores the absence of a federal question. When analyzing the first factor—the character of the government action—the Court considers whether the government action is "closer to a compensable classic taking or to some public program . . . to promote the common good." *Tulio v. Lansdale Borough*, No. 22-2423, 2023 WL 2432479, at *7 (E.D. Pa. Mar. 9, 2023) (internal quotation marks omitted) (internal citations omitted) (quoting *Nekrilov*, 45 F.4th at 677). Here, the Borough's grant of a permit to a private party to build a modest outdoor shed on their own property resembles neither a classic taking nor a public program to promote the common good, suggesting that "regulatory taking" is an altogether improper category for analyzing this dispute. To analyze the second factor—the economic impact of the regulation on Mr. Ricca's easement—the Court "must 'compare the value that has been taken from the property with the value that remains in the property.'" *Id.* at *8 (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497 (1987)). Mr. Ricca claims to have an easement "for the purpose of establishing a watercourse and thoroughfare," and the Hayes' shed may have shrunk the width of that thoroughfare from three feet to two. The economic impact of losing one foot of a thoroughfare easement would be *de minimis*, even if it had resulted from a government regulation (it did not). Finally, the Borough has not interfered with Mr. Ricca's investment-backed expectations because Mr. Ricca may still use his easement. *Cf. id.* at *9

(internal quotation marks omitted) (quoting *Pace Resources, Inc. v. Shrewsbury Township*, 808 F.2d 1023, 1033 (3d Cir. 1987)) ("Even if Tulio could show a distinct, investment-backed expectation, a taking through an exercise of the police power occurs only when the regulation has nearly the same effect as the complete destruction of the property rights of the owner"). The Borough cannot have destroyed Mr. Ricca's easement by shrinking it, even if the shrinkage were the result of a regulation (it was not). Thus, "regulatory taking" is a predictably unilluminating metric by which to analyze this trespass case. This mismatch supports the conclusion that there is no Takings Clause question for the Court to settle.

Thus, there is no federal question in this trespass action, and the Court lacks subject matter jurisdiction.

## CONCLUSION

This case was removed under the Court's federal question jurisdiction, but there is no federal question in this case. Thus, the Court remands this case in its entirety to the Court of Common Pleas of Delaware County pursuant to 28 U.S.C. § 1447(c). An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE